# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

EDVIN ROMEO HERNANDEZ-TELLO,

       Defendant-Appellant.

UNPUBLISHED
May 9, 2017

No. 331436
Kent Circuit Court
LC No. 15-004343-FH

Before: WILDER, P.J., and BOONSTRA and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals by right his convictions, following a jury trial, of domestic assault, MCL 750.81(4), and assaulting, resisting, or obstructing a police officer, MCL 750.81d(1). The trial court sentenced defendant as a third-offense habitual offender, MCL 769.11, to concurrent sentences of 3 to 10 years' imprisonment for his domestic assault conviction and two to four years' imprisonment for his assaulting, resisting, or obstructing a police officer conviction. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant was arrested by police officers after they responded to a call from defendant's neighbor, Charles Grandy. Grandy had reported hearing a woman scream and seeing through the window of defendant's home what appeared to be a man assaulting a woman. At the home the officers found the female victim, her son, and defendant. The female victim and her son did not appear for trial. The body camera footage of a responding officer was played for the jury. Grandy testified that defendant appeared to be the man whom had had seen through the window. Responding officers testified that defendant shoved an officer, attempted to flee, physically resisted being handcuffed during his arrest, and was eventually subdued with a taser. The female victim and some of the responding officers spoke Spanish during portions of the body camera footage played for the jury. Defendant was convicted as described above.[1] This appeal

---

[1] Defendant was also charged with one count of domestic assault against the female victim's son; however, the prosecution conceded at the close of proofs that there was not enough evidence to submit that charge to the jury, and the trial court granted the prosecution's motion to dismiss that count.

followed. On appeal, defendant argues that the prosecution committed error[2] by instructing the jury that a Spanish speaking juror could translate, during the jury's deliberations, Spanish statements heard on the body camera video.

## II. STANDARD OF REVIEW

Ordinarily, this Court "review[s] de novo claims of prosecutorial misconduct to determine whether defendant was denied a fair and impartial trial." *People v Ackerman*, 257 Mich App 434, 448; 669 NW2d 818 (2003). However, "[r]eview of alleged prosecutorial misconduct is precluded unless the defendant timely and specifically objects, except when an objection could not have cured the error, or a failure to review the issue would result in a miscarriage of justice." *People v Callon*, 256 Mich App 312, 329; 662 NW2d 501 (2003). "Curative instructions are sufficient to cure the prejudicial effect of most inappropriate prosecutorial statements, and jurors are presumed to follow their instructions." *People v Unger,* 278 Mich App 210, 235; 749 NW2d 272 (2008) (citations omitted). In other words, if a defendant fails to make a contemporaneous objection or request for a curative instruction regarding an alleged error, then "review is limited to ascertaining whether plain error affected defendant's substantial rights." *People v Brown*, 279 Mich App 116, 134; 755 NW2d 664 (2008). Defendant did not object to the prosecution's statement in the trial court and therefore failed to preserve this issue for appeal. *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). On plain error review, the defendant has the burden to show (1) "error"; (2) that was "plain," meaning "clear or obvious"; (3) and that affected substantial rights or caused prejudice, meaning "that the error affected the outcome of the lower court proceedings." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

## III. ANALYSIS

The prosecution has a responsibility "to seek justice and not merely convict." *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). "[T]he test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial." *Id*. "Issues of prosecutorial misconduct are decided case by case, with the reviewing court examining the pertinent portion of the record and evaluating the prosecutor's remarks in context." *People v Akins*, 259 Mich App 545, 562; 675 NW2d 863 (2003) (quotation marks and citation omitted). "Prosecutors are typically afforded great latitude regarding their arguments and conduct at trial," and "[t]hey are

---

[2] Defendant refers to his claim on appeal as one of prosecutorial misconduct. However, this Court has stated that "although the term prosecutorial misconduct has become a term of art often used to describe any error committed by the prosecution, claims of inadvertent error by the prosecution are better and more fairly presented as claims of prosecutorial error, with only the most extreme cases rising to the level of prosecutorial misconduct." *People v Jackson (On Reconsideration)*, 313 Mich App 409, 425 n 4; 884 NW2d 297 (2015), quoting *People v Cooper*, 309 Mich App 74, 87-88; 867 NW2d 452 (2015) (quotation marks omitted). We therefore adopt this convention.

generally free to argue the evidence and all reasonable inferences from the evidence as it relates to their theory of the case." *Unger*, 278 Mich App at 236.

In this case, the alleged victims did not testify at trial, and defense counsel made the following statements during closing argument:

> Ya know, I got up real early this morning thinking, *Oh, boy. I gotta go to court today, I have to come to trial.* And, ya know, you get that coffee going and—but, like you all, I got up, and I came here, because it's important.

> This is how our system works. If you're not here, it doesn't work. If you don't use your common sense, it doesn't work.

> Common sense, ladies and gentlemen, is based on what you hear, what you see, and what took place. Because, if we start guessing about results and speculating about outcomes, then we've essentially taken that justice system, crumpled it up, and, *Ah, so what. So what.*

> Because all of us have different experiences. All of us come to the table with just a broad array of how we look at things and how we perceive things.

> But, you're here.

> Ya know, it was once said that, *If you don't have the law, you argue the facts. And if you don't have the facts, you argue the law.* And, if you don't have witnesses that come to trial, well, you build a case around what other people speculate about. And then that speculation goes right into the minds of the jurors, who now have to speculate as to what those witnesses would have said if they'd have come. But, then, why aren't they here? You're here. [Emphasis in original.]

Additionally, defense counsel argued:

> The police are called. They show up. Clearly, we have two people upstairs not cooperating with the police. Clearly. Not only did they not cooperate with the police, but they're not here. They're not cooperating with them, they're not cooperating with you, but, yet, the prosecution wants you to believe some version on some body cam that my client committed an assault.

> * * *

> And the folks that supposedly were the victims of the domestic assault are not here. Where are they? I don't know.

During rebuttal argument, the prosecution stated:

> There was quite a bit of information that would lead you to believe that there is a motive for this defendant to try to avoid the police. Another

-3-

deportation. And the fact that he committed yet another domestic violence against a woman, who quite clearly was trying to cover up for him during the course of the interaction between Officer VanderPloeg and Officer Kribs, and her son, and her.

*Fortunately, we have a Spanish speaker on the jury who can maybe delve into what was being said there between the mother and the son.* [Emphasis added.]

As stated, defense counsel did not object to this statement.

It would have been improper to instruct the jury that the bilingual juror could serve as an ad hoc interpreter for the jury during its deliberations. See MCR 1.111(F), MRE 604. Here, however, the jury was not so instructed. Moreover, and while we consider the prosecution's statement regarding the bilingual juror to have been improper, it appears that the statement, viewed in context, was made as part of a larger response to defense counsel's argument concerning the fact that neither of the alleged victims testified at trial. *Akins*, 259 Mich App at 562. The statement was also an isolated remark. If defendant had made a timely objection to the prosecution's statement, the trial court could have instructed the jury that the bilingual juror could not serve as an interpreter, which would have alleviated any potentially prejudicial effect of the statement. "Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors." *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003). Because a curative instruction would have sufficiently prevented any prejudice in this case, we do not find plain error requiring reversal. *Unger*, 278 Mich App at 235; *Ackerman*, 257 Mich App at 448-449; *Carines*, 460 Mich at 763.

Further, defendant has not cited a single statement from the video that would have prejudiced him if translated from Spanish to English. Because defendant has not shown how any error could have affected the outcome of his trial, defendant has also failed to demonstrate plain error requiring reversal. *Carines*, 460 Mich at 763.

Affirmed.

/s/ Kurtis T. Wilder
/s/ Mark T. Boonstra
/s/ Colleen A. O'Brien

-4-